IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ITMANN COAL COMPANY,

        Plaintiff,

v.                              CIVIL ACTION NO. 5:07-cv-00940

MAGDALENE SCALF,

        Defendant.

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Default Judgment [Docket 5]. Plaintiff filed the instant lawsuit on December 14, 2007, seeking enforcement of an order by the District Director for the Office of Workers' Compensation awarding Plaintiff recoupment of an overpayment of black lung benefits to Defendant. Defendant was personally served on January 23, 2008, however, to date she has failed to serve an answer or responsive pleading. The Clerk entered default on June 25, 2008, and Plaintiff now seeks an entry of default judgment by the Court. Before ruling on that motion, the Court raises, sua sponte, the issue of its own jurisdiction.

*I. APPLICABLE LAW*

"The existence of subject matter jurisdiction is a threshold issue" which should be addressed before the Court reaches the merits of a case. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The Court may raise the issue of subject matter jurisdiction upon motion of the parties or sua sponte. *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (a federal court is obligated to dismiss a case if it appears the court

lacks subject matter jurisdiction). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

The party seeking to litigate in federal court bears the burden of showing that federal jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In the complaint, Plaintiff alleges that this Court has jurisdiction pursuant to § 21(d) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 921(d), as incorporated into the Black Lung Benefits Act, 30 U.S.C. § 932(a). That section of the LHWCA authorizes beneficiaries of compensation awards to enforce those awards in federal district court:

> If *any employer or his officers or agents* fails to comply with a *compensation order* making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the United States District Court for the District of Columbia if the injury occurred in the District). If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d) (emphasis added).

That provision, however, does not authorize employers to bring an action in federal district court to recover alleged overpayment of benefits. *Stevedoring Svcs. of Amer. v. Eggert*, 953 F.2d 552, 555 (9th Cir. 1992). In *Eggert*, an ALJ entered an order giving the employer credit for overpayment of disability benefits under the LHWCA. *Id.* at 554. The employer then filed an action in federal district court seeking reimbursement of the overpayments. *Id.* The Ninth Circuit first found that the district court did not have jurisdiction under § 918(a) or § 921(d) because those sections were applicable only to cases "concern[ing] employers who are in default in payment of a compensation award[,]" and not to cases concerning employers seeking reimbursement of

overpayments. *Id.* The Ninth Circuit noted that the district court may, however, have had jurisdiction "pursuant to 33 U.S.C. § 927(b) if the ALJ had issued a direct order to [the employee] to pay [the employer] a sum certain, [however,] [t]he order merely provided [the employer] a credit for payments previously made." *Id.* at 555. Thus, the court dismissed the case for lack of subject matter jurisdiction.

As noted by the Ninth Circuit, federal district courts have jurisdiction to enforce compliance with lawful orders issued by an ALJ:

> If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, *the deputy commissioner or Board shall certify the facts to the district court* having jurisdiction in the place in which he is sitting (or to the United States District Court for the District of Columbia if he is sitting in such District) which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court.

33 U.S.C. § 927(b) (emphasis added). To certify facts, "the ALJ must authenticate or vouch for the facts in writing or attest to the facts as being true or as represented." *A-Z Int'l v. Phillips*, 179 F.3d 1187, 1193 (9th Cir. 1999). Although there is not an exclusive method by which the certification is required to take place, "someone – the Board, the Director, or a party – must file an initial pleading with the district court which incorporates the ALJ's certified facts." *Id.* at 1194 n.9.

## II. ANALYSIS

The instant case is one brought by Plaintiff to recover overpayments of black lung benefits under the Black Lung Act. Thus, it is well-established that this Court lacks jurisdiction under §

918(a) or § 921(d) because those sections apply only to cases "concern[ing] employers who are in default in payment of a compensation award." *Eggert*, 953 F.2d at 554. Thus, the Court may retain jurisdiction only under § 927(b). For a court to retain jurisdiction under that section, a person must first "disobey[] or resist[] any lawful order or process" of the ALJ, and the ALJ must certify facts to the district court regarding the alleged violation of the order. § 927(b). Although Plaintiff here seeks to enforce a lawful order of the ALJ that was allegedly breached by Defendant, (*see* Docket 1 at 6), nowhere in the Complaint or any other filings does Plaintiff present a certification of facts from the ALJ. Without a certification of facts from the ALJ, the requirements of § 927(b) are not met and the Court may not retain jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that it lacks subject matter jurisdiction. A separate Dismissal Order will enter this day dismissing this action without prejudice.

ENTER: July 10, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE